06-CV-01469-CMP

\_\_\_\_ FILED \_\_\_\_ ENTERED
\_\_\_\_ LODGED \_\_\_\_ RECEIVED

OCT 1 0 2006  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington Limited Liability company; EMILY ABBEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IMPULSE MARKETING GROUP, INC, a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES, I-X,<br><br>Defendants. | NO. CV6 1469 P<br><br>COMPLAINT |

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff OMNI INNOVATIONS, LLC, (hereinafter "OMNI") is a Washington limited liability company duly licensed and registered with the State of Washington, with its principal place of business in Franklin County, Washington.

COMPLAINT FOR DAMAGES, PENALTIES, ETC. - 1

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

2. Plaintiff EMILY ABBEY, (hereinafter "ABBEY") is an individual residing in King County, Washington, who maintains a computer connected to the internet, which is also located in King County, Washington, on which she sends and receives E-mail, and whose residency information was and is available from and registered with a Washington address, and was and is registered with and available through her domain registration.

3. On information and belief, plaintiff alleges that Defendant **IMPULSE MARKETING GROUP, INC., ("IMPULSE") is a corporation registered in Nevada,** with its principal place of business located in Georgia.

4. On information and belief, JEFFREY GOLDSTEIN, ("Goldstein") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Goldstein on behalf of Impulse are and were for the benefit of his marital community. GOLDSTEIN resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Western District of Washington.

5. On information and belief, KENNETH ADAMSON, ("Adamson") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Adamson on behalf of Impulse are and were for the benefit of his marital community. ADAMSON resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Western District of Washington.

6. On information and belief, GREGORY GREENSTEIN, ("Greenstein") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Greenstein on behalf of Impulse are and were for the benefit of his marital community. GREENSTEIN resides in the State of Georgia

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -2        **MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

and transacts or has transacted business in the State of Washington and in the Western District of Washington.

7. On information and belief, STEVE WADLEY, ("Wadley") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Wadley on behalf of Impulse are and were for the benefit of his marital community. WADLEY resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Western District of Washington.

8. Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1332 (diversity).

9. This Court has supplemental jurisdiction of state law claims pursuant to U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. §1391.

11. From and after May 2005, Plaintiff OMNI provided and enabled computer access for multiple users to a computer server that provides access to the Internet.

12. The domain names served by Plaintiff OMNI include: anthonycentral.com, chiefmusician.net, chahome.com, itdidnotendright.com, jammtomm.com, jaycelia.com, celiajay.com, jaykaysplace.com, rcw19190020.com, and gordonworks.com (collectively the "Domains" and individually and generically a "Domain").

13. At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain (the "Recipient Addresses") belong to Washington residents, including Plaintiff Abbey's, was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each Domain being registered with a Washington address.

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -3

14. During the time period of approximately August 2003 through October 2006, Plaintiffs received at the Domains electronic-mail messages (collectively the "E-mails" or individually and generically as an "Email").

15. The E-mails, and each of them, were received by Plaintiff OMNI's server serving the Domains, or at the Domains themselves, and/or on individual Plaintiffs' email accounts, and on their computers, including, but not limited to the email account and computer of Plaintiff Abbey.

16. Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured.

17. On information and belief, Plaintiffs allege that some of the E-mails used the Internet domain name of a third party or third parties without permission of that third party or those third parties, and/or used false, or misleading information in registering the domains used to send the subject E-mails.

18. Defendant initiated the transmission of the E-mails, and each of them. In the alternative, Defendant conspired or otherwise acted in collusion with another or others or assisted another or others to transmit the E-mails, and each of them.

19. At all times material hereto, Defendants knew or had reason to know that the Recipient Addresses, and each of them, were and are held by a Washington resident.

FIRST CAUSE OF ACTION – CAN-SPAM ACT
15 U.S.C. §7701 et seq.

20. On the basis of the facts set forth hereinabove, Defendants initiated the transmission of the E-mails, and each of them, to a protected computer in violation of 15 U.S.C.

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -4

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

§7704(a), causing damage to Plaintiff Omni as the provider of the Internet access service receiving each such E-mail in the amount of $100 for each such E-mail, as provided in 15 U.S.C. §7706 (g) (3).

21. Defendants did willfully and knowingly so act in violation of the provisions of 15 U.S.C. §7701 et seq.

### SECOND CAUSE OF ACTION – CEMA
### RCW 19.190.010 - .070

22. On the basis of the facts set forth hereinabove, Defendants initiated, conspired with another to initiate, or assisted the transmission of the E-mails, and each of them, in violation of RCW 19.190.020, causing damage to Plaintiff Omni as the interactive computer service receiving each such E-mail in the amount of $1,000 for each such E-mail, and to Plaintiff Abbey in the amount of $500 for each such E-mail, as provided in RCW 19.190.040 (2)

### THIRD CAUSE OF ACTION – CONSUMER PROTECTION ACT
### Ch. 19.86 RCW

23. On the basis of the facts set forth hereinabove, Defendants initiated the E-mails, and each of them, in violation of RCW 19.190.030 and Chapter 19.86 RCW, causing damage to Plaintiffs as the recipients of each such E-mail in an amount to be proven at trial, including, but not limited to, treble damages. Defendants' acts as described hereinabove constituted unfair and deceptive acts or practices in the conduct of trade or commerce, which acts or practices caused injury to Plaintiffs, and as such constitute independent violations of RCW 19.86 et seq.

### REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -5

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1. Entry of a Judgment in favor of Plaintiff Omni against the Defendants in the amount of $1,100 per unlawful E-mail, plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by Chapter 19.86 RCW and to the extent permitted by 15 U.S.C. §7706 (g) (3) (C), plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to Chapter 19.86 RCW and 15 U.S.C. §7706 (g) (4);

2. Entry of a Judgment in favor of Plaintiff Abbey against the Defendants in the amount of $500 per unlawful E-mail, plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by Chapter 19.86 RCW plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to Chapters 19.190 et seq., and 19.86 RCW.;

3. Entry of a permanent injunction against the Defendants prohibiting the Defendants from sending or causing to be sent electronic mail messages of any kind or nature to e-mail addresses at Plaintiffs' Domains and/or email addresses.

4. Such other and further relief as the Court deems just and equitable in the premises.

RESPECTFULLY SUBMITTED this 6th day of October, 2006.

| MERKLE SIEGEL & FRIEDRICHSEN, P.C. | DOUGLAS E. MCKINLEY, JR |
|---|---|
| | Attorney at Law |
| /S/ Robert J. Siegel | /S/ Douglas E. McKinley, Jr. |
| Robert J. Siegel, WSBA #17312 | Douglas E. McKinley, Jr., WSBA #20806 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -6