UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMNI INNOVATIONS LLC, et al.,

    Plaintiffs,

v.

IMPULSE MARKETING GROUP INC., et al.,

    Defendants.

No. C06-1469P

ORDER EXTENDING DEADLINE FOR JOINT STATUS REPORT AND DISMISSING CERTAIN DEFENDANTS WITHOUT PREJUDICE

The Court issued an order to show cause in this case on March 1, 2007. The order directed the parties to show cause why this matter should not be dismissed without prejudice for failure to submit a combined joint status report and discovery plan. The order also directed Plaintiffs to show cause why this action should not be dismissed without prejudice as to any defendants who were not timely served under Fed. R. Civ. P. 4(m). Any responses were due within 30 days of the date of the order. Plaintiffs have responded to the order to show cause in two separate pleadings. (Dkt. Nos. 9 and 10). Having reviewed Plaintiffs' responses and the balance of the record, the Court finds and ORDERS as follows:

    (1)    Plaintiffs have shown sufficient cause for the failure to submit a combined joint status report and discovery plan. Therefore, the Court will extend the deadline for filing a combined joint status report and discovery plan to April 30, 2007. The deadline for the FRCP 26(f) conference is extended to April 16, 2007 and the deadline for initial disclosures is extended to April 23, 2007.

ORDER - 1

1     (2)    Aside from "John Doe" defendants, there are five defendants named in Plaintiffs'

2 complaint. At the time the Court issued its order to show cause on March 1st, the 120-day time limit

3 for service under Rule 4(m) had expired and Plaintiffs had filed proof of service for only two

4 defendants. Therefore, the Court ordered Plaintiffs to show cause why this action should not be

5 dismissed without prejudice as to any defendants who were not timely served under Fed. R. Civ. P.

6 4(m).

7     Plaintiffs acknowledge that they have been unable to effect service on Defendants Gregory

8 Greenstein and Steven Wadley. They request that Mr. Greenstein and Mr. Wadley be dismissed

9 without prejudice. Because Plaintiffs have not shown good cause for failure to serve these two

10 defendants in a timely manner and have requested that these defendants be dismissed without

11 prejudice, the Court hereby ORDERS that Defendants Gregory Greenstein and Steven Wadley be

12 DISMISSED from this action without prejudice.

13     Plaintiffs assert that they effected service on Defendant Kenneth Adamson on February 13,

14 2007. Plaintiffs acknowledge that they did not serve Mr. Adamson within 120 days of the filing of

15 their complaint. Plaintiffs offer the following argument regarding their failure to serve Mr. Adamson

16 in a timely manner:

17-19     Plaintiffs contend[] that good cause exists for any delays in service, as although diligence was exercised in attempting to have him served, Mr. Adamson was not readily available, and may have been attempting to avoid service, and therefore Plaintiffs request that the time for service under the rule be extended in order to allow personal service upon defendant Adamson to be effective.

20 The Court finds that this skeletal assertion, which is unsupported by any declarations, is not sufficient

21 to establish good cause under Fed. R. Civ. P. 4(m) for Plaintiff's failure to serve Mr. Adamson within

22 120 days of filing their complaint. At a minimum, good cause under Rule 4(m) means excusable

23 neglect. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Under Ninth Circuit law, a plaintiff may

24 also be required to show the following: (a) the party to be served personally received actual notice of

25 the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely

ORDER - 2

prejudiced if the court dismissed her complaint. Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1990). Plaintiffs' conclusory assertions do not satisfy these requirements.

The Court has discretion under Rule 4(m) to extend the 120-day service deadline even without a showing of good cause. See In re Sheehan, 253 F.3d at 513. The Court declines to exercise its discretion here, particularly in light of Plaintiffs' failure to provide any description of what efforts they made to serve Mr. Adamson in a timely manner. Therefore, Plaintiffs' claims against Defendant Kenneth Adamson are DISMISSED without prejudice.

(3)   The clerk is directed to send copies of this order to all counsel of record.

Dated:   April 11, 2007.

                                                  s/Marsha J. Pechman
                                                  Marsha J. Pechman
                                                  United States District Judge

ORDER - 3