1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | | |
|---|---|---|
| 8 9 10 11 12 13 14 15 | OMNI INNOVATIONS, LLC., a Washington Limited Liability company; EMILY ABBEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; JOHN DOES, I-X,<br><br>Defendants. | No. 06-1469 P<br><br>**JOINT STATUS REPORT** |

16   The parties together hereby submit this Joint Status Report.

17   **1.**   **A statement of the nature and complexity of the case.**

18   Plaintiffs' complaint alleges violations of and seeks statutory damages under the

19   Washington CEMA (RCW 19.190, et seq.), the Washington CPA (RCW 19.86 et

   seq.); and the Federal Can-Spam Act (15 USC section 7701 et seq.).

20

21   Defendants Impulse Marketing Group, Inc. ("Impulse") and Jeffrey Goldstein

22   ("Goldstein") (collectively, "Defendants") generally deny Plaintiffs' claims.

23
24
25
26

2. **A statement of which ADR method (mediation, arbitration, or other) should be used.**

   The parties agree on mediation as their alternative dispute resolution method.

3. **Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place.**

   The parties agree that mediation should take place at least 120 days prior to trial.

4. **A proposed deadline for joining additional parties.**

   The parties propose a deadline for joining additional parties of September 1, 2007.

5. **A proposed discovery plan.**

   A. **Rule 26(f) Conference:**

   The parties' Rule 26(f) Conference occurred on April 18, 2007. Defendants' Initial Disclosures will be provided by May 11, 2007. Plaintiffs' Initial Disclosures will be provided by May 11, 2007.

   B. **Subjects on which discovery is needed and whether discovery should be conducted in phases or be limited:**

   All matters related to the claims and defenses asserted.

   The parties are currently aware of no reason to limit or phase discovery.

   C. **What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed:**

   None.

**D. A statement of how discovery will be managed so as to minimize expense:**

Use of electronic data transfer where appropriate. All electronic data must be indexed, in a readily-usable format and must be identified as corresponding to specific discovery requests.

**E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c):**

None

6. **The date by which the remainder of the discovery can be completed:**

The parties propose a discovery deadline of **January 10, 2008**. The parties further propose a deadline of **February 10, 2008** for hearing discovery motions.

7. **Whether the parties agree that a full-time magistrate judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13.**

The parties do not consent to a full-time Magistrate Judge to conduct all proceedings.

8. **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties agree this matter should not be bifurcated.

9. **Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l) and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not agree to dispense with the pretrial statements and pretrial order.

10. **Any other suggestions for shortening or simplifying the case.**

None.

11. **The date the case will be ready for trial.**

    The parties propose a trial date of **April 14, 2008**.

12. **Whether the trial will be jury or non-jury.**

    Neither party has requested a jury, but each reserves the right to request a jury pursuant to the civil rules.

13. **The number of trial days required.**

    The parties anticipate that at least five (5) trial days are required for this case, contingent upon the number of emails at issue.

14. **The names, addresses, and telephone numbers of all trial counsel.**

    | For: Plaintiffs | For: Defendants |
    |---|---|
    | Robert J. Siegel, WSBA 17312 | Matthew R. Wojcik, WSBA 27918 |
    | i.Justice Law, P.C. | Jackson & Wallace LLP |
    | 1325 Fourth Avenue, Suite 940 | 1201 Third Avenue, Suite 3080 |
    | Seattle, WA 98101 | Seattle, WA 98101 |
    | (206) 624-9392 | (206) 386-0214 |

15. **If on the due date of the Report, all defendants or respondents have not been served, counsel for the plaintiffs shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

    Plaintiffs reserve the right to seek to discover, identify, name and serve additional John Does on or before the deadline for joining additional parties.

16. **Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.**

    The parties agree that a further scheduling conference, prior to a scheduling order being entered in this case, is not currently necessary.

1

2     DATED this 20th day of April, 2007.

3

4   i.Justice Law, P.C.                                    Jackson & Wallace LLP

5   /s/ Robert J. Siegel                                   /s/ Matthew R. Wojick
    Robert J. Siegel, WSBA #17312                          Matthew R. Wojcik, WSBA #27918
6
7       Attorney for Plaintiffs                            Attorney for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26