1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC., a Washington Limited Liability company; EMILY ABBEY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES, I-X, <br><br> Defendants. | No. 06-cv-01469-MJP <br><br> DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12 (b)(2) & (6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT UNDER FRCP 12(e) <br><br> **NOTE ON MOTION CALENDAR: JUNE 1, 2007** <br><br> **(Oral Argument Requested)** |

## I. **PRELIMINARY STATEMENT**

Defendants Impulse Marketing Group, Inc. ("Impulse") and Jeffrey Goldstein

("Goldstein") (collectively referred to as "Defendants"), by and through their counsel of record,

move this Court for dismissal of Plaintiffs' Complaint pursuant to FRCP 12(b)(2) and (6) or, in

the alternative, for a more definite statement pursuant to FRCP 12(e). This motion is based upon

the memorandum below and the Declarations of Matthew Wojcik and Jeffrey Goldstein.

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 1
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

## II. **INTRODUCTION**

This action was commenced by Plaintiffs on or about October 10, 2006. (Wojcik Decl. ¶2.) Defendants were not served with the Complaint until approximately four (4) months after the Complaint was initially filed, on or about February 5, 2007. (Wojcik Decl. ¶3.) Impulse and Goldstein were served on or about February 5, 2007. (Wojcik Decl. ¶4.)

Upon information and belief, Omni Innovations, LLC ("Omni") is owned by Mr. James S. Gordon, Jr. ("Gordon"), who also serves as the registered agent for Omni. (Wojcik Decl. ¶5.) Gordon is the plaintiff in a nearly identical action against Defendants filed on or about November 23, 2004 in United States District Court in the Eastern District of Washington.[1] (Wojcik Decl. ¶6.) Upon information and belief, Gordon has filed no less than thirteen (13) other lawsuits against email marketers since 2004. (Wojcik Decl. ¶7.) Gordon is a professional plaintiff, whose tendency to exaggerate the facts has already been noted by this Court.[2] (Wojcik Decl. ¶8.) Gordon, individually, and now through Omni, has developed a scheme that he perpetrates on email marketers. His modus operandi is to file vague and ambiguous pleadings in an attempt to either coerce email marketers into unwarranted monetary settlements or to engage email marketers in protracted litigation, forcing them in incur significant legal fees to their detriment in defense of the frivolous action(s). The present action is yet another example of Plaintiffs' ongoing scheme.

---

[1] Currently, there are multiple motions pending in <u>Gordon v. Impulse Marketing Group, Inc., et al.</u>, Case No. CV-04-5125, including, but not limited to, a motion for sanctions against the plaintiff and motions to dismiss the action. Clearly, Gordon is attempting to sidestep any potential dismissal in the Eastern District by filing the present action.
[2] In a footnote to his May 24, 2006 Order in <u>Gordon v. Virtumundo, Inc.</u>, Case No. CV06-0204JCC, Judge Coughenour, United States District Judge for the Western District of Washington, noted Gordon's "tendency to exaggerate claims in [his] briefing.

**JACKSON & WALLACE LLP**
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1

## III. ARGUMENT

2

**A.    Plaintiffs Fail to State a Claim Against Defendant Goldstein.**

3

Plaintiffs fail to establish the elements necessary in order to pierce the corporate veil.  In

4

order to pierce the corporate veil, two separate, essential facts must be established: plaintiff

5

"must demonstrate that the corporate form was used to violate or evade a duty, and [second,] that

6

[the corporate form] must be disregarded to prevent loss to an innocent party." Wash. Water Jet

7

Workers Assoc., et al. v. Yarbrough, 151 Wash. 2d 470, 503 (2004) (citing Meisel v. M & N

8

Modern Hydraulic Press Co., 97 Wash. 2d 403, 409-10 (1982)); see Dickens v. Alliance

9

Analytical Labs, LLC, 127 Wash. App. 433, 440-41 (2005).  The first factor typically involves

10

"fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's

11

benefit and creditor's [plaintiff's] detriment. " Meisel, 97 Wash. 2d at 410 (quoting Truckweld

12

Equip. Co. v. Olson, 26 Wash. App. 638, 645 (1980)); see Strandley v. CNS Ins. Cos., 93 Wash.

13

App. 1022 (1998); see also Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (2003) ("The doctrine

14

of piercing the corporate veil is the rare exception, applied in the case of fraud or certain other

15

exceptional circumstances . . . ").

16

While the Complaint alleges violations of CAN-SPAM, CEMA and the CPA, the

17

Complaint does not contain averments of fraud.  With regard to the second factor, "wrongful

18

corporate activities must actually harm the party seeking relief so that disregard is necessary.

19

Intentional misconduct must be the cause of the harm that is avoided by disregard." Meisel, 97

20

Wash. 2d at 410 (1980); see Strandley, 93 Wash. App. 1022 (1998).

21

In Water Jet, plaintiff named the owners of a defendant corporation but failed to claim a

22

specific wrongdoing against such owners.  The trial court dismissed the claims against the

23

individual owners, finding that plaintiff had an opportunity to submit facts to demonstrate that the

24

25

26

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 3
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

corporate form had been abused and that piercing the corporate veil was justified and plaintiff failed to do so. <u>Water Jet</u>, 151 Wash. 2d at 503 (2004). On appeal, the Supreme Court of the State of Washington affirmed the trial court's decision, concluding that dismissal of the claims against the individual owners was appropriate based on a failure to state a claim. <u>Id.</u>

The facts in <u>Water Jet</u> parallel those of the case at bar. Plaintiffs simply recite that Goldstein is "an officer, director, and/or majority shareholder of Impulse and as such controls its policies, activities, and practices, including those alleged herein on behalf of Impulse." (Compl. ¶ 4.) "Piercing the corporate veil is an equitable remedy imposed to rectify an abuse of the corporate privilege." <u>Dickens</u> 127 Wash. App. at 440 (2005). Plaintiffs do not allege that Goldstein has abused the corporate privilege, nor have they alleged that Impulse is a sham corporation or that the corporation is an alter ego of Goldstein. Even accepting the allegations contained in the Complaint as true, nowhere in the Complaint do Plaintiffs attempt to incorporate any factual averments or circumstances in support of the two essential burdens of proof required to pierce the corporate veil– specifically, that the corporate form was used to violate or evade a duty and that the failure to hold the individual liable would result in a loss to Plaintiffs. Thus, as in <u>Water Jet</u>, the dismissal of Plaintiffs' causes of action against Goldstein is appropriate based on the failure of Plaintiffs to state a claim.

**B.     Plaintiffs Fail to Establish Personal Jurisdiction Over Defendant Goldstein.**

Plaintiffs bear the burden of establishing personal jurisdiction over a defendant. <u>See Hirsch v. Blue Cross, Blue Shield of Kan.</u>, 800 F.2d 1474, 1477 (9th Cir. 1986); <u>Cognigen Networks v. Cognigen Corp.</u>, 174 F.Supp.2d 1134, 1137 (W.D. Wash. 2001) (On defendant's motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to show that jurisdiction is proper); <u>Langlois v. Deja Vu, Inc.</u>, 984 F.Supp. 1327, 1332 (W.D. Wash. 1997)

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 4
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

(plaintiff bears the burden of proving that jurisdiction exists as to <u>each</u> out-of-state defendant (emphasis added)). The Ninth Circuit Court of Appeals has held that through the presentation of affidavits and discovery materials, plaintiffs must prove a prima facie case of jurisdiction as to each and every out-of-state defendant. <u>Brand v. Menlove Dodge</u>, 746 F.2d 1070, 1072 (9th Cir. 1986); <u>see also</u> <u>Langlois</u>, 984 F.Supp. at 1332-33 (W.D. Wash. 1997).

In order to exercise personal jurisdiction, a court must find that a defendant has a threshold level of "minimum contacts" with the forum state such that "traditional notions of fair play and substantial justice" are not offended. <u>See</u> <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945); <u>see</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985). If a defendant has a continuous and systematic presence in the forum state, the court has "general jurisdiction" over the defendant; if the claim arises out of the defendant's forum directed activities, the court may exercise "specific jurisdiction" can be asserted over the defendant within the forum. <u>See</u> <u>Helicopteros Nacionales de Colom.</u>, <u>S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). Based upon the allegations contained in the Complaint, it appears that Plaintiffs do not allege that the Court has general jurisdiction over Goldstein.

The determination as to the existence of specific jurisdiction is made by looking to Washington's long-arm statute, RCW § 4.28.185. In order to exercise specific jurisdiction over a non-resident defendant under the Constitution and RCW § 4.28.185, the courts of Washington have applied a three-part test: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. <u>Omeluk v.</u>

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 5
C:\NrPortbl\iManage\HRG1353774

1  Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).  A defendant purposefully

2  avails himself of the benefits of the forum if he has deliberately "engaged in significant activities

3  within a state or has created 'continuing obligations' between himself and the residents of the

4  forum, and the cause of action arises out of those obligations.  Burger King Corp., 471 U.S. 475-

5  76 (1985).  Plaintiffs' claims in the Complaint are based upon his faulty assumption that

6  Goldstein initiated emails to accounts residing on the Omni server located in Washington and/or

7  Abbey, a Washington resident.  In fact, no emails were initiated by Goldstein individually.

8  (Goldstein Decl. ¶ 6.)  Even assuming *arguendo* that an email was sent to Plaintiffs, any such

9  email would have been sent by or on behalf of a corporation, and not by Goldstein.  Further,

10  Goldstein is a resident of the State of Georgia, and does not own property, maintain business or

11  personal bank accounts or regularly transact business in the State of Washington.  (Goldstein

12  Decl. ¶¶ 3,4,5.)  Thus, Goldstein has not purposefully availed himself of the benefits of the forum

13  by engaging in significant activities within the State of Washington or by creating continuing

14  obligations between themselves and Washington State residents.  Therefore, Plaintiffs have failed

15  to prove that jurisdiction exists as to each out-of-state defendant.  As a result, the Court should

16  decline to exercise personal jurisdiction over Goldstein and should dismiss the Complaint as to

17  Goldstein.

18  **C.   Plaintiffs' Complaint Should be Dismissed Pursuant to FRCP 12(b)(6) for Failure to**
19      **State a Claim.**

20       Initially, it should be noted that Plaintiffs admit that Omni provided and enabled computer

21  access beginning in May 2005.  (Compl. ¶ 11.)  Yet Plaintiffs go on to allege that from

22  "approximately August 2003 through October 2006 Plaintiffs received emails at the Domains"

23  (Compl. ¶ 14) and that "each of the emails were received by Plaintiff Omni" (Compl. ¶ 25).

24  Clearly, one of Plaintiffs' contradictory statements is false.  In light of Plaintiffs' admission in

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 6
C:\NrPortbl\iManage\HRG1353774

1  paragraph 11 of the Complaint, Omni is only entitled to bring a cause of action based upon emails

2  allegedly received from May 2005 through October 2006.

3      Plaintiffs have failed to satisfy the basic pleading requirements of FRCP 8(a).  The

4  Complaint consists of vague and ambiguous blanket allegations that Defendants initiated "emails"

5  to Omni and Abbey.  (Compl. ¶¶ 18, 20, 21, 22, 23.)  Plaintiffs fail to identify the number of

6  emails alleged to have been received by each Plaintiff, as well as the email addresses to which

7  such emails were allegedly sent.  This is yet another example of Plaintiffs' scheme to file vague

8  and ambiguous pleadings in an attempt to either coerce email marketers into unwarranted

9  monetary settlements or to engage email marketers in protracted litigation, forcing them in incur

10  significant legal fees to their detriment in defense of the frivolous action(s).

11     In order to survive a motion to dismiss under FRCP 12(b)(6), a "complaint must contain

12  either direct or inferential allegations respecting <u>all</u> the material elements to sustain a recovery

13  under some viable legal theory." <u>Roe v. Nev.</u>, 332 F. Supp. 2d 1331, 1339 (D. Nev. 2004) (citing

14  <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434 (6th Cir. 1988).  Although factual

15  allegations set forth in the complaint "taken as true and construed in the light most favorable to

16  [p]laintiffs", the Ninth Circuit has elaborated on this rule, explaining that "courts should <u>only</u>

17  <u>accept</u> as true the <u>well-pleaded</u> facts, and <u>ignore</u> 'legal conclusions,' 'unsupported conclusions,'

18  'unwarranted inferences,' unwarranted deductions,' 'footless conclusions of law' or '<u>sweeping</u>

19  <u>legal conclusions cast in the form of factual allegations.</u>'" <u>Id.</u> (emphasis added) (<u>citing</u> <u>Epstein v.</u>

20  <u>Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996); quoting <u>W. Mining Council v. Watt,</u>

21  643 F.2d 618, 624 (9th Cir. 1981)).

22     Plaintiffs' entire Complaint consists of precisely those "facts" that courts in the Ninth

23  Circuit have suggested they should ignore–sweeping legal conclusions that Defendants have

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 7
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

violated CEMA, the CPA and/or CAN-SPAM, cast in the form of factual allegations. There are virtually no "well-pleaded" facts for the Court to accept as true. More specifically, Plaintiffs rely upon the unsupported conclusions that Defendants "initiated emails" and that the emails violated CAN-SPAM, the CPA and/or CEMA. Here, each email constitutes a separate cause of action that must be properly plead. Plaintiffs fail to identify each alleged email and to specify how each alleged email violated any provision(s) of CAN-SPAM, the CPA and/or CEMA.

Plaintiffs have failed to properly state a claim under any of the statutory provisions pursuant to which they attempt to bring this action. Instead, Plaintiffs have deliberately crafted a pleading consisting entirely of vague, unsupported and sweeping legal conclusions cast in the form of factual allegations. As a result, in line with previously cited Ninth Circuit authority, Plaintiffs' Complaint should be dismissed under FRCP 12(b)(6).

**D.    If the Complaint is not Dismissed, Plaintiffs Should be Required to Provide a More Definite Statement Pursuant to FRCP 12(e).**

With the filing of the present Complaint, Plaintiffs continues their pattern of filing deliberately vague and ambiguous pleadings. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, or if more particularity in the pleading will further the economical disposition of the case, the party receiving the pleading may move for a more definite statement before serving a responsive pleading." CR 12(e); see FRCP 12(e) (emphasis added). Although notice pleading requires only that the complaint contain a short and plain statement showing that the plaintiff is entitled to relief (CR 8(a); FRCP 8(a)), this does not dispense with the necessity, as occasion may require, for a statement of certain details which would enable each defendant to more readily prepare and file a responsive pleading. Fed. Proc. § 62:421 (2006). In fact, unless

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 8
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1    facts are "simply and concisely stated in lucid fashion, and support [plaintiff's] conclusion" the

2    action <u>fails</u>. <u>Washburn, et al. v. Moorman Mfg. Co.</u>, 25 F.Supp. 546, 546 (S.D. Cal. 1938).

3        <u>Nowhere</u> in the Complaint do Plaintiffs simply and concisely state in lucid fashion the

4    facts supporting, *inter alia*, the number of emails alleged to have been sent by specific

5    Defendant(s) to specific Plaintiffs or Plaintiffs' belief that Defendants are responsible for sending

6    the alleged emails to Plaintiffs.    As outlined in Part III.C *infra*, Plaintiffs' Complaint is

7    intentionally replete with vague, ambiguous, and cumulative allegations.    As a result, Plaintiffs'

8    action should fail under the court's analysis in <u>Washburn</u>.  However, if the Court does not dismiss

9    the action, Plaintiffs should be required to provide a more definite statement.

10

11        In order to interpose a responsive pleading and to further the economical disposition of the

12    case, if necessary following this motion to dismiss, Defendants require, at a minimum, the

13    following additional details: the number of emails alleged to have been sent to each Plaintiff by

14    each Defendant in violation of each separate and distinct provision of CEMA, CPA and CAN-

15    SPAM; the manner in which each email is alleged to have violated any subsection of the

16    aforementioned statutes (e.g., deceptive subject line, etc.); and to what specific email addresses

17    each email is alleged to have been sent.

18        In sum, if Plaintiffs' action is not dismissed, Plaintiffs should be required to state for <u>each</u>

19    <u>and every email</u>: 1) the email address to which it was sent; 2) the date on which it was sent; 3) the

20    specific ways in which the email is alleged to violate any provision of any statute and the factual

21    basis or bases for such a conclusion; 4) the factual basis upon which Plaintiffs base their

22    conclusion that the email was sent or initiated by or on behalf of Impulse and/or Goldstein.

23

24

25

26
Defendants' Motion To Dismiss Plaintiffs'
Complaint - 9
C:\NrPortbl\iManage\HRG1353774

**JACKSON & WALLACE LLP**
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

## IV.  CONCLUSION

For the reasons above, Plaintiffs' Complaint should be dismissed in its entirety or, at a minimum, Plaintiffs should be required to provide a more definite statement pursuant to FRCP 12(e).

DATED this 4th day of May, 2007.

JACKSON & WALLACE LLP

/s/ Matthew R. Wojcik
Matthew R. Wojcik, WSBA No.27918
JACKSON & WALLACE LLP
1201 Third Avenue
Seattle, WA 98101
Telephone:  (206) 386-0214
Fax:  (206) 386-0216
Email:  mwojcik@jacksonwallace.com
Attorneys for Defendants IMG, Goldstein and Adamson

Defendants' Motion To Dismiss Plaintiffs'
Complaint - 10
C:\NrPortbl\iManage\HRG1353774

JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on the date noted below I electronically filed the document entitled
3  Defendants' Motion To Dismiss Plaintiffs' Complaint Pursuant to FRCP 12 (b)(2)(6) or, in the
   Alternative, For A More Definite Statement Under FRCP 12(e) in accordance with the Clerk of
   the Court using the CM/ECF system which will send notification of such filing to the following
4  persons:

5  Robert J. Siegel, WSBA #17312            Douglas E McKinley
   Merkle Siegel & Friedrichsen             LAW OFFICE OF DOUGLAS E MCKINLEY
6  1325 Fourth Avenue, Suite 940            JR
   Seattle, WA  98101                       PO BOX 202
7  Bob@iJusticelaw.com                      RICHLAND, WA 99352
                                            doug@mckinleylaw.com

8      DATED this 4th day of May, 2007.

9                                           JACKSON & WALLACE LLP

10

11                                          /s/ Matthew R. Wojcik
                                            Matthew R. Wojcik, WSBA No.27918
12                                          JACKSON & WALLACE LLP
                                            1201 Third Avenue
13                                          Seattle, WA 98101
                                            Telephone:  (206) 386-0214
14                                          Fax:  (206) 386-0216
                                            Email:  mwojcik@jacksonwallace.com
15                                          Attorneys for Defendants IMG, Goldstein and
                                            Adamson

16

17

18

19

20

21

22

23

24

25

26
   Defendants' Motion To Dismiss Plaintiffs'                  JACKSON & WALLACE LLP
   Complaint - 11                                              1201 Third Avenue, Suite 3080
   C:\NrPortbl\iManage\HRG1353774                                  Seattle, WA  98101
                                                                    (206) 386-0214