i.Justice Law, PC
Attorney At Law
1325 Fourth Avenue
Suite 940
Seattle, WA 98101
(206) 304-5400

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC., a Washington Limited Liability Company; Emily Abbey, an individual,<br><br>Plaintiffs,<br>v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada/Georgia Corporation, JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES I-X.<br>Defendants. | NO. 06-CV-01469-MJP<br><br>RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT UNDER FRCP 12(E)<br><br>[HEARING: JUNE 1, 2007] |

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 1

iJUSTICE LAW, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 304-5400  FAX: (206) 624-0717

Plaintiff respectfully responds as follows to Defendant's Motion To Dismiss as follows:

**<u>Preliminary Statement</u>**

The Defendant, Impulse Marketing Group, Inc. (IMG) is a corporation whose primary business is sending commercial electronic mail messages, aka "spam". The Plaintiff, Omni Innovations LLC., (OMNI) is a Washington limited liability company owned by James S. Gordon, Jr., (Gordon). As the Defendant notes, Gordon, acting in his personal capacity, has previously brought suit against IMG in the Federal District Court for the Eastern District of Washington.[1] Prior to initiating that case, Gordon also brought suit against third parties on whose behalf IMG sent and continues to send spam. Through the course of those lawsuits, the Defendants have been made aware, in no uncertain terms, that Gordon and OMNI do not wish to receive spam from them. Despite the fact that Gordon has previously sued these Defendants and their co-conspirators in Federal Court for sending Gordon and OMNI spam, thereby putting the Defendants on notice in the strongest possible terms that Gordon and OMNI do not want to be sent spam, Defendants continue to send spam to Gordon and OMNI. Spam from the Defendants has been received by OMNI as recently as last week. By these actions,

---

[1] The Court should note that Gordon attempted to add Omni as a party plaintiff in the Eastern District action, but that Court denied that motion, and Gordon was left to file separately on Omni's behalf in this Court.

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 2

the Defendants have made it crystal clear that they have no intention of ever leaving Gordon or Omni alone, and would rather engage in scorched earth litigation tactics than to simply stop sending spam to Gordon and OMNI. This motion, which is identical in substance to a motion to dismiss that IMG filed in the suit pending in the Federal District Court for the Eastern District of Washington (and which the Eastern District has now denied), is simply another example of the Defendant's strategy of litigating endlessly, rather than simply leaving people alone.

### **Plaintiff Has Clearly Articulated A Claim Against Goldstein**

IMG rests its entire argument that OMNI has failed to state a claim against Goldstein on the premise that OMNI 's claims must pierce the corporate veil. This premise is false. Goldstein is directly liable for his own actions in "inducing" or "assisting" defendant IMG and/or other third parties in sending e-mails that violate CEMA, CPA, and CAN SPAM.

The statutory authority for OMNI 's claims against Goldstein is clear. CEMA and CAN SPAM clearly provide a direct cause of action against any person who "assists" others in sending commercial electronic mail messages that violate CEMA, CPA, and CAN SPAM. CEMA, at RCW 19.190.020, provides in pertinent part:

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 3

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

(1) No person may initiate the transmission, <u>conspire with another to initiate the transmission, or assist the transmission</u>, of a commercial electronic mail message … (emphasis added)

CAN SPAM, at 15 U.S.C. § 7702 (9) and (12), also provide a direct cause of action against persons who induce others to send commercial email that violates CAN SPAM. 15 U.S.C. § 7702 (9) and (12) provides in pertinent part:

(9) Initiate

The term "initiate", when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. For purposes of this paragraph, more than one person may be considered to have initiated a message.

(12) Procure

The term "procure", when used with respect to the initiation of a commercial electronic mail message, means intentionally to pay or provide other consideration to, or <u>induce, another person to initiate such a message on one's behalf</u>. (emphasis added)

Further, even without the explicit extension of liability set forth within both the plain text of CEMA and CAN SPAM, Washington courts have long recognized the liability of corporate officers in circumstances such as that presented by this action.

"Although the trial court improperly pierced Nordic's corporate veil on the alter ego theory, we nonetheless find that personal liability was properly imposed on Bergstrom under the rule enunciated in STATE **v.** RALPH WILLIAMS'

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 4

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

NORTH WEST CHRYSLER PLYMOUTH, INC., 87 Wn.2d 298, 553 P.2d 423 (1976). <u>If a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties.</u> STATE v. RALPH WILLIAMS' NORTH WEST CHRYSLER PLYMOUTH, INC., SUPRA; JOHNSON v. HARRIGAN-PEACH LAND DEV. CO., 79 Wn.2d 745, 489 P.2d 923 (1971). In RALPH WILLIAMS, this court considered a deceptive practice in violation of the Consumer Protection Act to be a type of wrongful conduct which justified imposing personal liability on a participating corporate officer." Id. (emphasis added.)

Thus, not only do CEMA and CAN SPAM explicitly provide a direct cause of action against any person who "assists" others in sending commercial electronic mail messages, the relevant case law interpreting the Washington CPA does so as well.  OMNI 's Complaint alleges that defendants Goldstein did exactly that.  For purposes of Rule 12(b)(6), the allegations in OMNI 's pleading are taken to be true. Accordingly, OMNI's Complaint plainly states a claim directly against defendant Goldstein upon which relief can be granted.

### The Court Has Jurisdiction over Goldstein

IMG's motion to dismiss for lack of personal jurisdiction is based on the presumption that OMNI 's claims are limited to the allegation that IMG sent illegal

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 5

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

e-mail, or that illegal e-mail was sent on IMG's behalf.  This presumption is ill-founded.  As shown above, OMNI 's complaint instead alleges that Goldstein is liable because he "assisted others" in sending illegal e-mail to OMNI, a Washington resident.  As set forth above, "assisting" others in sending illegal e-mail is a cognizable claim under both CEMA and CAN SPAM.   Notably, within the defendant's declarations, Goldstein has never denied that he "assisted" others who sent illegal e-mail to OMNI.  This is not surprising.  For Goldstein to deny such would be laughable.  IMG has previously admitted that it is a business engaged in marketing using e-mail.  Goldstein is the president of IMG.  There can be no doubt that Goldstein "assists" IMG in IMG's e-mail marketing activities.  The e-mails aren't sending themselves.

Thus, the question before the Court is whether special jurisdiction is proper over an out-of-state defendant who "assists" another in sending illegal email to residents of the State of Washington.  Since the liability under both CEMA and CAN SPAM for "sending" illegal email is identical to the liability for "assisting" another in sending email, the question of whether special jurisdiction is proper over an out-of-state defendant who "assists" in sending illegal email is the same as the question of whether special jurisdiction is proper over an out-of-state defendant who "sends" illegal e-mail.

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 6

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

The question of special jurisdiction over a "sender" has already been decided in the affirmative in the appellate courts of Washington, and also by the Eastern District court in *Gordon v. Ascentive, LLC*, (Slip Op.), 2005 WL 3448025 (E.D. Washington, December 15, 2005). Applying the facts of this case to the Court's analysis in Ascentive, it is clear that special jurisdiction is proper.

As stated by the Court in Ascentive, "Plaintiff bears the burden of establishing that personal jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)(citation omitted). Where, as here, the Court is asked to resolve the motion on the parties' briefs and affidavits, rather than hold an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction. *Rano v. Sipa Press, Inc.*, 987 F.2d 580 n. 3 (9th Cir. 1993). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quotations and citation omitted). In determining whether Plaintiff has made a prima facie showing, the Court is bound by the following principles: (1) uncontroverted allegations in Plaintiff's Complaint are taken as true; (2) conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor; and (3) all evidentiary materials are construed in the light most favorable to

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 7

iJUSTICE LAW, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 304-5400  FAX: (206) 624-0717

Plaintiff. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002)."

Applying the procedure articulated by the Court in Ascentive to the facts before the Court in the instant case, it is clear that special jurisdiction is proper. OMNI 's allegation that Goldstein "assisted" others in sending illegal e-mail to OMNI must be taken as true, as it is uncontroverted by Goldstein's affidavits.

As was the case in Ascentive, Gordon has plead that specific jurisdiction is created by RCW 4.28.185. *See e.g., Raymond*, 104 Wash. App. at 636-37, 15 P.3d at 701-02 (2001).

RCW 4.28.185(1)(a) provides in part:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of the said acts:

 (a) The transaction of any business within this state.

Continuing with this Court's analysis in Ascentive, "to establish that specific jurisdiction exits under the transaction of business portion of Washington's long-arm statute, RCW 4.28.185(1)(a), Plaintiff must establish three factors: (1) Defendant must have purposefully done some act or consummated some transaction in Washington; (2) Plaintiff's cause of action must arise from, or be connected with, such act or transaction; and (3) the exercise of jurisdiction must be

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 8

iJUSTICE LAW, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 304-5400  FAX: (206) 624-0717

reasonable in that it must not offend traditional notions of fair play and substantial justice. *Raymond*, 104 Wash.App. at 637, 15 P.3d at 702 (citing *Shute v. Carnival Cruise Lines*, 113 Wash.2d 763, 767, 783 P.2d 78 (1999)). Plaintiff bears the burden of satisfying the first two prongs of the test, and if he succeeds, the burden shifts to Defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)."

The first and second prongs of this test are easily met in the present case. Assuming OMNI's uncontroverted allegations to be true, Goldstein assisted others in sending illegal e-mail to OMNI, a Washington state resident. Goldstein has thereby have "done some act… in Washington." OMNI 's claims arise from OMNI's receipt of those same e-mails, thereby satisfying the second prong of the test.

Finally, calling Goldstein to account for his acts of assisting others in sending thousands of illegal e-mail messages to OMNI, a Washington state resident, in no way offends traditional notions of fair play and substantial justice. Other states and the United States Supreme Court concur that employees and corporate officers personally involved in actionable conduct of the corporation can be subject to personal jurisdiction based on their acts as employees of a corporation

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 9

with contacts in the forum states. (See, e.g., Calder v. Jones, supra, 465 U.S. 783, [employee editor liable for National Enquirer's defamatory acts]; Vikse v. Flaby (Minn.1982) 316 N.W.2d 276 [assertion of personal jurisdiction in fraud action over a nonresident individual who was a stockholder, officer, director, and attorney for an Arizona land development corporation was permissible under the long-arm statute and did not violate due process where corporation and individual committed fraudulent acts in Arizona that caused damage in Minnesota]; CPC Intern. Inc. v. McKesson Corp. (N.Y. 1987) 514 N.E.2d 116; Hammond v. Butler, Means, Evins & Brown (S.C. 1990) 388 S.E.2d 796, cert. denied, (1990) 498 U.S. 952.) The cause of action need not be a traditional intentional tort. (Chicago Blower Corp. v. Air Systems Associates (E.D. Mich. 1985) 623 F.Supp. 798, 804 [personal jurisdiction found over Canadian individuals, with few personal physical contacts with Michigan but contacts with it through business of corporation of which they were officers and part owners, for their part in corporation's unfair competition and trademark infringement].)

Goldstein was undoubtedly compensated for providing assistance in sending illegal e-mails, and was undoubtedly aware that at least a portion of the e-mails were being received by Washington state residents. It is only fair that Goldstein defend his actions in the jurisdiction where he directed his illegal e-mails.

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 10

**IMG's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and for a More Definite Statement under Fed. R. Civ. P. 12(e) Are Frivolous**

IMG complains that they are unable to "identify and defend the specific allegations being lodged against them." Specifically, IMG asks the Court to require OMNI to amend OMNI's complaint to set forth, for each and every e-mail, "1) the e-mail address to which it was sent; 2) the date on which it was sent; 3) the specific ways in which the e-mail is alleged to violate any provision of any statute and the factual basis or bases for such a conclusion; and 4) the factual basis upon which OMNI bases his conclusion that the e-mail was sent or initiated by or on behalf of a particular Defendant."

IMG's request is entirely disingenuous. The vast majority of this information is already in the hands of IMG, as Gordon has already produced thousands of emails to IMG, as well as a detailed analysis of those e-mails, in Gordon's suit against IMG in the Eastern District. The emails that form the basis of the present action are essentially identical in form and substance to that production, and to the extent that there are any differences, OMNI is in the process of providing a disk of the exact emails that form the basis of the present action. This process is hampered by the fact that IMG continues to send OMNI spam, despite OMNI's clear desire that IMG stop doing so. In any event, if IMG really

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 11

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

wants to know the "e-mail address to which it (a particular e-mail) was sent," all IMG needs to do is look at the "to" line of the e-mail in question. Similarly, if IMG really wants to know the "date on which it was (a particular e-mail) sent," all IMG needs to do is look at the "date" line of the e-mail in question.

In the Eastern District case, Gordon has also produced a detailed analysis, over 2,200 pages in length, where the specific portion of each and every e-mail that violates the statute has been identified in and highlighted for IMG. The Court should note that Gordon has never agreed (and does not agree now) that this extensive and detailed analysis was required under the Rules of Civil Procedure. Rather, Gordon has produced this analysis in the interest of inducing IMG to stop sending Gordon spam. However, Gordon's good faith production appears to have had the opposite effect, as IMG now disingenuously complains that they cannot even identify basic information present on these e-mails, such as the e-mail address they were sent to, and the date they were sent. IMG has obviously settled into a scorched-earth litigation strategy, where they deny facts that are indisputable, feign ignorance of facts that are plain on their face, and waste judicial resources on motions such as the one before the Court today.

With respect to IMG's request that Gordon identify "the factual basis upon which Gordon bases his conclusion that the e-mail was sent or initiated by or on

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 12

iJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

behalf of a particular Defendant," the e-mails speak for themselves.  For example, a typical and exemplary e-mail sent by IMG is an advertisement for a product marketed by Commonwealth Marketing Group, known as "USA platinum."  Contained within such an email is a line which reads "USA Platinum c/o Impulse Marketing Group 1100 Hammond Drive NE Suite 410A – 202 Atlanta, GA 30328."  Plainly, OMNI has good reason to believe that the e-mail in question was sent by or on behalf of IMG, and IMG's request that the Court compel OMNI to re-write OMNI 's complaint to provide a three thousand page narrative explanation of this obvious conclusion for each and every e-mail goes well beyond the pleading requirements of the Federal Rules of Civil Procedure.

A complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 34 (9th Cir. 1984) (citing 2A J. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.08 at 2271 (2d ed. 1982)).) "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994).) Motions to dismiss generally are viewed with disfavor

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 13

ıJustice Law, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 304-5400  Fax: (206) 624-0717

under this liberal standard and are granted rarely. (*Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).) For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright, supra*, 35 F.3d at 474.) **"[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." (**Hughes v. Tobacco Institute, Inc.,* 278 F.3d 417, 420-21 (5th Cir.2001).).  In fact, the complaint need not necessarily identify a particular legal theory at all.  *Williams v. Seniff,* 342 F. 3d 774, 792 (7th Cir. 2003); *Barrett v. Tallon,* 30 F. 3d 1296, 1299 (10th Cir. 1994).  A claim will not generally be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, as long as other tenable legal claims are evident on the face of the complaint, or the pleader is otherwise entitled to any type of relief under another possible legal theory.  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); *See also Barrett v. Talon, supra.*  For purposes of a motion under FRCP 12(b)(6), even the mere "possibility" of a cognizable claim is sufficient to defeat dismissal.  *Carparts Distrib. Ctr. v. Automotive Wholesaler's Ass'n. of Ne England, Inc.,* 37 F. 3d 12, 17 (1st Cir. 1994).

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 14

iJUSTICE LAW, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 304-5400  FAX: (206) 624-0717

Further, in considering a Rule 12(b)(6) motion, the court should be particularly hesitant to dismiss at the pleading stage those claims asserting novel legal theories, where the claims could be better examined following the development of the facts through discovery. *McGary v. City of Portland,* 386 F. 3d 1259, 1270 9th Cir. 2004); *Baker v. Cuomo,* 58 F.3d 814, 118-819 (2d. Cir. 1995).

Here, it is clear from a reading of OMNI 's complaint have it easily satisfies the requirements of pleading under FRCP 12(b)(6). OMNI's claims are statutorily based, and the Statutes set forth the basic elements of a claim brought thereunder. OMNI 's claims allege that IMG's acts and conduct met each of the statutory elements individually. Accordingly, despite Defendants' dissatisfaction with this style of complaint, it is patently appropriate and more than sufficient to quote or paraphrase the statutory language in setting out such a claim, which is precisely what OMNI has done.

## Conclusion

OMNI respectfully requests that the Court deny the Defendant's Motion to Dismiss in its entirety.

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 15

iJUSTICE LAW, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 304-5400  FAX: (206) 624-0717

1  **RESPECTFULLY SUBMITTED** this 29th day of May, 2007.

| i.Justice Law, P.C. | Douglas E. McKinley, Jr. |
|---|---|
| | Attorney at Law |
| /s/ Robert J. Siegel | /s/Douglas E. McKinley, Jr. |
| Robert J. Siegel, WSBA #17312 | Douglas E. McKinley, Jr. WSBA#20806 |
| Attorneys for Plaintiff | |

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS - 16