UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMNI INNOVATIONS, LLC, et al.,

    Plaintiffs,

v.

IMPULSE MARKETING GROUP, INC, et al.,

    Defendants.

NO. C06-1469MJP

ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION

This matter comes before the Court on Defendants' Motion to Dismiss. (Dkt. No. 15). Defendants seeks dismissal of this case for failure to state a claim and for lack of personal jurisdiction over Defendant Jeffrey Goldstein. Alternatively, Defendants seek an order for a more definite statement. Having reviewed all of the pleadings and supporting documents, the Court finds that the allegations in Plaintiffs' complaint are sufficient to state a claim against both Defendants Impulse Marketing Group, Inc. ("Impulse") and Mr. Goldstein. In addition, the Court has specific personal jurisdiction over Goldstein, based on Washington State's long-arm statute. Accordingly, Defendants' motion to dismiss is DENIED. Defendants' alternative request for a more definite statement is GRANTED in part and DENIED in part.

**ORDER ON MOTION TO DISMISS - 1**

**Background**

James Gordon owns Plaintiff Omni Innovations, LLC ("Omni"), a Washington company operating out of Franklin County. The company has been operational since May 2005. Omni alleges that it links customer e-mail accounts to a server, providing access to the Internet. Omni provides this service to ten different domain names associated with e-mail accounts held by Washington State residents. Plaintiff Emily Abbey uses one of these accounts on her home computer in King County. Defendant Impulse is a corporation registered in Nevada, with its principal place of business in Georgia. Defendant Jeffrey Goldstein is an officer, director, and majority shareholder of the company. He resides in Georgia.

Plaintiffs filed a complaint on October 10, 2006, claiming that the Omni server, as well as the domains and e-mail accounts it serves, received multiple unsolicited e-mails from Impulse from August 2003 - October 2006. Plaintiffs claim that each of these e-mails was misrepresentative and deceptive, that Impulse initiated the transmission of each of the e-mails, and that Goldstein assisted the company in this action. Omni and Abbey bring their claims under: (1) the federal CAN-SPAM Act, 15 U.S.C. §7701 et seq.; (2) Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010 - .070; and (3) the Washington Consumer Protection Act, RCW 19.86.

Mr. Gordon has brought suit in the Eastern District against the same Defendants as in this case, alleging similar claims. However, Mr. Gordon is the plaintiff in that case, rather than his recently formed business, Omni. Gordon moved to add Omni as a party plaintiff to that case, but the motion was denied.

**Analysis**

1. Claims Against Defendant Goldstein

It is only proper to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Plaintiff's allegations are assumed to be true, and the Court looks

**ORDER ON MOTION TO DISMISS - 2**

at the facts in the light most favorable to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). However, as Defendants point out, this standard is not so liberal as to permit conclusory allegations of law and unwarranted inferences. <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996).

### a. The Corporate Veil

Defendants' assertion that Plaintiffs fail to state a claim against Goldstein is premised on the assumption that the corporate veil must be pierced before Goldstein may face liability as a defendant. Shareholders in a corporation are generally protected from liability unless the corporate veil is pierced, which applies only in cases of fraud or other exceptional circumstances. <u>Dole Food Co. v. Patrickson</u>, 538 U.S. 468, 475 (2003). The decision of whether to pierce the corporate veil is determined by state law. Both parties have analyzed this issue under Washington law.

To succeed on a corporate veil theory, a plaintiff must establish that "the corporate form was used to violate or evade a duty" and that piercing the corporate veil is necessary to prevent loss to an innocent party. <u>Wash. Water Jet Workers Assoc. v. Yarbrough</u>, 151 Wn.2d 470, 503 (2004) (citing <u>Meisel v. M & N Modern Hydraulic Press Co.</u>, 97 Wn.2d 403, 409-10 (1982)). The first element generally involves fraudulent use of the corporate form. <u>Meisel</u>, 97 Wn.2d at 410. Plaintiffs have not made any allegations of fraud in their complaint, so do not meet this test.

However, Goldstein is not only a majority shareholder of Impulse, but also a corporate officer. A corporate officer who participates in wrongful conduct or knowingly approves of the conduct can be held personally liable. <u>Grayson v. Nordic Coast Co.</u>, 92 Wn.2d 548, 553-54 (1979). In Washington, a deceptive practice in violation of the Consumer Protection Act is the type of wrongful conduct that justifies imposing personal liability on a corporate officer. See <u>id.</u> at 554 (citing <u>State v. Ralph Williams' North West Chrysler Plymouth, Inc.</u>, 87 Wn.2d 298 (1976)). In the Grayson case, the Court found that the trial court had improperly relied on the alter ego theory to pierce the corporate veil, but still imposed liability for wrongdoing on the corporate officer. <u>Grayson</u>, 92 Wn.2d

**ORDER ON MOTION TO DISMISS - 3**

1  at 553-54. Beacause liability of a corporate officer is not contingent on piercing the corporate veil,

2  Plaintiffs have met their burden of pleading a claim against Goldstein.

3     b. Rule 12(b)(6) Requirements Are Met

4     Plaintiffs' complaint claims that Impulse knowingly sent e-mails to domains and user accounts

5  in Washington state that contained misleading transmission information and deceptive subject

6  headings. Plaintiffs allege that Goldstein "assisted" in the transmission of these illegal e-mails in his

7  capacity as a corporate officer. They assert that these actions violate the CAN-SPAM, CEMA, and

8  CPA statutes. These allegations are sufficient to satisfy Rule 12(b)(6) requirements.

9     CAN-SPAM does not use the term "assist." Rather, the relevant clause, 15 U.S.C. §7704(a),

10 prohibits any person from "initiating" the transmission of e-mail messages containing misleading and

11 deceptive information. The statutory meaning of the term "initiate" is to originate or transmit the

12 message oneself or to procure such action by inducing another person to transmit the message. More

13 than one person may be considered to have initiated a message. 15 U.S.C. §7702(9) & (12). Taking

14 the allegations in the complaint as true, and viewing them in the light most favorable to Plaintiffs, the

15 complaint adequately states a claim under CAN-SPAM against Mr. Goldstein.

16     CEMA does include the term "assist." RCW 19.190.020 prohibits any person from initiating,

17 conspiring to initiate, or assisting to initiate the transmission of misleading e-mails. The statute defines

18 "assist" as providing substantial assistance or support to the person actually transmitting the e-mail, or

19 enabling the transmission, with full knowledge that it violates the Consumer Protection Act. RCW

20 19.190.010(1). Plaintiffs' assertions, viewed in the light most favorable to Plaintiffs, are sufficient to

21 state a claim that Goldstein "assisted" in the transmission of misleading e-mails in violation of RCW

22 19.190.020.

23     The CPA claim is related to CEMA. RCW 19.190.030 states that it is "a violation of the

24 consumer protection act, chapter 19.86 RCW" to violate the various provisions of CEMA. Because

25 Plaintiffs have stated a proper claim under CEMA, the CPA claim is also viable.

26 **ORDER ON MOTION TO DISMISS - 4**

2. Personal Jurisdiction Over Defendant Goldstein

The burden of showing personal jurisdiction rests on the plaintiff. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  In a motion to dismiss, where no evidentiary hearing will be held, the plaintiff only needs to make a prima facie showing of personal jurisdiction by demonstrating facts that, if true, would support jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).  A prima facie analysis includes three elements: (1) uncontroverted allegations in the pleading are taken as true; (2) conflicts regarding the facts contained in the parties' affidavits are to be resolved in favor of the plaintiff; (3) all evidentiary materials are construed in the light most favorable to the plaintiff. Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1189 (9th Cir. 2002).

Both Plaintiffs and Defendants agree that the complaint alleges only specific, not general, jurisdiction, based on Washington's long-arm statute.  RCW 4.28.185.  Specific jurisdiction must comport with the long-arm statute and be consistent with due process. Chan v. Soc'y Expeditions, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  The applicability of long-arm jurisdiction is evaluated in light of three factors: (1) the nonresident party must have purposefully committed an act or consummated a transaction in Washington state, (2) the cause of action arose from or was connected to that act or transaction, and (3) the exercise of jurisdiction must be reasonable. Bartusch v. Oregon State Bd. of Higher Educ., 131 Wn.App. 298, 306 (2006).  The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff meets the first two prongs, the burden shifts to the defendant to present a compelling argument that jurisdiction would be unreasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

Contact initiated over the internet can be sufficient to meet the standard for specific jurisdiction.  "In analyzing personal jurisdiction over the internet, courts look to whether the web site was passive or active, and to what extent the parties purposefully conducted business in any given jurisdiction." Precision Laboratory Plastics v. Micro Test, 96 Wn. App. 721, 728 (1999).  Activities such as soliciting and advertising are subject to the "but for" test, which requires that the plaintiff's

**ORDER ON MOTION TO DISMISS - 5**

1  claim arise directly out of the defendant's contacts with the state. <u>Doe v. American Nat. Red Cross</u>,
2  112 F.3d 1048, 1051 (9th Cir. 1997).

3        Examining the allegations in the light most favorable to Plaintiffs, the complaint meets the
4  three-part test for specific personal jurisdiction. The allegations viewed in the light most favorable to
5  Plaintiffs indicate that Goldstein purposefully committed (or assisted in committing) an act or
6  transaction by transmitting e-mails to domains and e-mail accounts in Washington. This allegation
7  satisfies the first prong of the test. For the second prong, it is clear that the cause of action is directly
8  connected to the action of sending e-mails. But for the alleged solicitation e-mails sent to Plaintiffs,
9  there would be no claim. And finally, Defendants, who have the burden of satisfying the last prong,
10 have provided no evidence that jurisdiction would be unfair or unreasonable in this case.

11 <u>3. A Claim is Stated, but Vagueness Makes a 12(e) Remedy Appropriate</u>

12       Defendants claim that Plaintiffs' complaint consists of vague and ambiguous blanket allegations
13 and fails to satisfy the basic pleading requirements of Fed. R. Civ. P. 8(a). This Rule requires that the
14 complaint contain a "short and plain statement" showing jurisdiction and giving the defendant fair
15 notice of a claim entitled to relief. Fed. R. Civ. P. 8(a)(1)-(2). <u>See also</u> <u>Dura Pharm., Inc. v. Broudo</u>,
16 544 U.S. 336, 346 (2005). Plaintiffs' claims against Impulse are sufficient to meet Rule 8(a)'s
17 requirements and survive a 12(b)(6) motion. Plaintiffs allege that Impulse initiated illegal e-mails to
18 servers and e-mail addresses in Washington State, in violation of CAN-SPAM, CEMA, and the CPA.
19 The claims against Impulse mirror the claims against Mr. Goldstein, except that Plaintiffs' are not
20 claiming that Impulse "assisted" in the transmission of the e-mails.

21       A vague complaint that survives a 12(b)(6) motion can still be subject to discretionary use of
22 Fed. R. Civ. P. 12(e). 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, §
23 1376 (3d ed. 2004). This is appropriate when a complaint is sufficiently intelligible to satisfy pleading
24 requirements but is so vague or ambiguous that the other party can not respond to it. <u>Id.</u> Rule 12(e)
25 states that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a

26 **ORDER ON MOTION TO DISMISS - 6**

1 party cannot reasonably be required to frame a responsive pleading, or if more particularity in the
2 pleading will further the economical disposition of the case, the party receiving the pleading may move
3 for a more definite statement before serving a responsive pleading." In response to a motion for a
4 more definite statement, a district judge has discretion to "require such detail as may be appropriate in
5 the particular case, and may dismiss the complaint if his order is violated." McHenry v. Renne, 84 F.3d
6 1172, 1179 (9th Cir. 1996).

7 Defendants request an order from the Court requiring the Plaintiffs to state certain facts for
8 each e-mail: (1) the e-mail address to which it was sent, (2) the date on which it was sent, (3) the
9 specific ways in which the e-mail is alleged to violate any provision of any statute and the factual basis
10 for that conclusion, and (4) the factual basis upon which Plaintiffs base their conclusion that
11 Defendants sent each e-mail in question. (Defendants' Motion at 9).

12 The court finds that a more definite statement under Rule 12(e) is appropriate in this case in
13 order to further the economical disposition of the case and to provide Defendants with enough
14 information to frame a responsive pleading. The complaint does not provide any clue to the
15 Defendants about the number of emails at issue or the dates on which they were allegedly sent, making
16 it impossible for the Defendants to determine if they actually sent the unidentified e-mails alleged in the
17 complaint. Therefore, the Court GRANTS in part Defendants' request for a more definite statement
18 and ORDERS Plaintiffs to submit an amended complaint within thirty days of the date of this order,
19 that states for each e-mail allegedly at issue in this case: (1) the email address to which it was sent and
20 (2) the date on which it was sent. The Plaintiffs are also ordered to AMEND the complaint to only
21 include e-mails received after Omni began operating as a business in May of 2005. E-mails sent before
22 then may not be included in the amended complaint because Plaintiffs do not allege that Omni was in
23 business before then.

26 **ORDER ON MOTION TO DISMISS - 7**

## **Conclusion**

The allegations in Plaintiffs' complaint are sufficient to state a claim against both Impulse and Goldstein. In addition, the Court has specific jurisdiction over Goldstein. Therefore, Defendants' motion to dismiss is DENIED. However, the Court GRANTS in part and DENIES in part Defendants' alternate request to require a more definite statement from Omni.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: July 18, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

**ORDER ON MOTION TO DISMISS - 8**