The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC., a Washington Limited Liability company; EMILY ABBEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES, I-X,<br><br>Defendants. | NO. C06-1469-JCC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY<br><br>Noted for Consideration: September 14, 2007 |

## INTRODUCTION

Defendants Impulse Marketing Group, Inc. ("Impulse") and Jeffrey Goldstein ("Goldstein") (collectively referred to as "Defendants"), by and through their counsel, Klein Zelman Rothermel LLP, file this response in opposition to Plaintiffs' Motion for a Stay. This pleading is based upon the Declaration of Stacy K. Wolery in Support of Opposition to Plaintiffs' Motion for a Stay and the pleadings and papers on file with this Court.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY - 1
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

On or about August 27, 2007, Plaintiffs filed a motion for a stay of this litigation pending Plaintiffs' appeal to the United States Court of Appeals for the Ninth Circuit of your Honor's decision in *Gordon v. Virtumundo, et al.*, CV-06-0204. Defendants' oppose Plaintiffs' motion for a stay, and respectfully request that the Court deny Plaintiffs' motion and dismiss with prejudice this action pursuant to this Court's inherent power and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b).

## STATEMENT OF FACTS

This action was commenced by Plaintiffs on or about October 10, 2006. (Wolery Decl. ¶ 2.) While Plaintiffs served Impulse and Goldstein on or about February 5, 2007, Plaintiffs failed to serve the remaining named defendants within the 120-day deadline prescribed by Fed. R. Civ. 4(m). (Wolery Decl. ¶ 3.) As a result, on or about March 1, 2007, the Court issued an Order to Show Cause why the matter should not be dismissed as to the remaining defendants. (Wolery Decl. ¶ 4.) On or about April 11, 2007, the Court issued an order dismissing the remaining defendants from the action. (Wolery Decl. ¶ 5.)

On or about May 4, 2007, Defendants filed a motion to dismiss or, in the alternative, for a more definite statement. (Wolery Decl. ¶ 6.) On or about May 14, 2007, Plaintiffs filed their purported initial disclosures pursuant to Fed. R. Civ. P. 26. (Wolery Decl. ¶ 7.) Plaintiffs claim in their initial disclosures to having provided copies of allegedly offending emails to Defendants in digital format on a CD. (Pls.' Initial Disclosures at 2.) To date, nearly four (4) months later and after numerous inquiries, Defendants have yet to receive such CD. (Wolery Decl. ¶ 7.)

On or about July 18, 2007, the Court granted in part Defendants' motion to dismiss, finding that "[t]he complaint does not provide any clue to the Defendants about the number of emails at issue or the dates on which they were allegedly sent, making it impossible for the

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY - 2
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

Defendants to determine if they actually sent the unidentified e-mails alleged in the complaint." (Order Mot. Dismiss at 7.) The Court ordered Plaintiffs to file "an amended complaint within thirty days of the date of [the] order . . . ." (*Id.*) To date, nearly one month after the amended complaint was due, Plaintiffs have failed to file such pleading as ordered. (Wolery Decl. ¶ 8.) As a result, presently there is no operative pleading before the Court in this action. It would better serve judicial economy to simply dismiss the action with prejudice than to stay an action for which Plaintiffs have put forth no operative pleading. On or about August 22, 2007, several days <u>after</u> Plaintiffs' amended complaint was due, Plaintiffs' counsel, Robert J. Siegel, moved to withdraw as counsel. (Wolery Decl. ¶ 9.) Subsequently, on or about August 27, 2007, Plaintiffs filed a motion for a stay. (Wolery Decl. ¶ 10.) Plaintiffs cannot shirk their obligation to comply with the Court's prior order by now moving for a stay.

In *Virtumundo*, this Court held that "it is obvious that Plaintiffs are testing their luck at making their 'spam business' extraordinarily lucrative by seeking statutory damages through a strategy of spam collection and serial litigation," and that "Plaintiffs' instant lawsuit is an excellent example of the ill-motivated, unreasonable, and frivolous type of lawsuit that justifies an award of attorneys' fees to Defendants."[1] The Court further found that "Plaintiffs should be deterred from further litigating their numerous other CAN-SPAM lawsuits now that they are aware of their lack of CAN-SPAM standing."[2] Plaintiffs' scheme becomes apparent when evaluating the case at bar. Further, regardless of the results of the *Virtumundo* appeal, there is no operative pleading in this action, and thus no reason to stay the litigation.

---

[1] Pages 8-10 of the August 1, 2007 Order issued in *Virtumundo*, Case No. 06-0204-JCC..

[2] *Id.* at 10.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY - 3
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

## ARGUMENT IN OPPOSITION

Plaintiff moves this Court for a stay of this action pending decision on the appeal of the Court's decision in *Virtumundo*. Plaintiff's motion should be denied because Plaintiff has failed to comply with the Court's previous order of July 18, 2007 granting in part Defendants' Motion to Dismiss and ordering Plaintiff to file an amended complaint within thirty (30) days of that order. The appropriate remedy by this Court would be to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41.

"Parties may not willfully, repeatedly, and persistently disobey court orders . . . . There is and there must be sufficient play in the joints of our system to allow a district judge to impose the ultimate sanction on such obstreperous parties." *Estrada v. Cohen*, 244 F.3d 1050, 1060 (9th Cir. 2001). In addition, "[f]or failure of the plaintiff . . . to comply with [the Fed. R. Civ. P.] or any order of court, a defendant may move for dismissal of an action . . . ." Fed. R. Civ. P. 41(b). Plaintiffs have exhibited a pattern of misconduct and avoidance of both the Fed. R. Civ. P. and the Court's orders. As a result, under Fed. R. Civ. P. 41(b), the action should be dismissed with prejudice.

A District Court has broad and inherent power to regulate litigation before it. *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976). "There is no question that a District Court has the power to dismiss a claim with prejudice for failure to comply with an order of the court." *Van Bronkhorst*, 529 F.2d 943, 943; *O'Brien v. Sinatra*, 315 F.2d 637, 637 (9th Cir. 1963) ("Both the state and federal courts have almost universally held or recognized that there is inherent power in the courts, in the interest of the orderly administration of justice, to dismiss for disobedience of court orders"). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

DEFENDANTS' OPPOSITON TO PLAINTIFFS'
MOTION FOR A STAY - 4
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

In the present action, as outlined hereinabove, Plaintiffs have failed on numerous occasions to comply with the Fed. R. Civ. P., and have failed to comply with the Court's July 18, 2007 Order (the "Order"). Due to Plaintiffs' failure to file and serve an amended complaint pursuant to the Court's Order, currently, there is no operative pleading in the action. It would not serve judicial economy to stay the proceeding now when, if resumed, it could not proceed due to Plaintiffs' failure to comply with the Court's Order. Defendants have been prejudiced and forced to expend substantial sums on their legal defense as a result of Plaintiffs' repeated violations of the Federal Rules of Civil Procedure and the Court's Order. Clearly, this pattern of behavior, coupled with the sheer number of actions instituted by Plaintiffs, typifies Plaintiffs' litigation strategy, indicating that "Plaintiffs' are motivated by the prospect of multi-million-dollar statutory damage awards in exchange for their relatively paltry spam-collection and spam litigation costs."[3]

"[Omni and Gordon] should be deterred from further litigating their numerous other CAN-SPAM lawsuits . . . ."[4] A District Judge need not exhaust all available sanctions short of dismissal before finally dismissing a case. *Von Poppenheim*, 442 F.2d at 1053-1054; *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Where, as in this case, the record indicates that Plaintiffs' continued noncompliance is not the result of misunderstanding or inadvertence, but rather a result of a conscious and deliberate decision, dismissal of the action is appropriate. *See O'Brien*, 315 F.2d 637 (9th Cir. 1963). Plaintiffs cannot evade their duty to comply with the Court's Order by moving for a stay. Thus, Plaintiffs' motion for a stay should be denied and Plaintiffs' complaint should be dismissed, in its entirety, with prejudice.

---

[3] Pages 9-10 of the August 1, 2007 Order issued in *Virtumundo*, Case No. 06-0204-JCC.

[4] *Id.* at 10.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY - 5
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Stay should be denied, the action should be dismissed in its entirety pursuant to the Court's inherent power and Fed. R. Civ. P. 41(b), and Defendants should be awarded their reasonable litigation costs and attorney's fees incurred in defending the action.

DATED this 10th day of September, 2007.

JACKSON & WALLACE LLP

/s/ Matthew R. Wojcik
Matthew R. Wojcik, WSBA No.27918
JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080
Seattle, WA 98101
Telephone: (206) 386-0214
Fax: (206) 386-0216
Email: mwojcik@jacksonwallace.com
Attorneys for Defendants IMG, Goldstein and Adamson

KLEIN ZELMAN ROTHERMEL LLP

/s/ Stacy K. Worley, Esq.
Stacy K. Wolery, Esq
Klein Zelman Rothermel LLP
485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020 ext. 207
(212) 753-8101 Fax
*Admitted Pro Hac Vice*
Attorneys for Defendants IMG, Goldstein and Adamson

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY - 6
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below I electronically filed the document entitled Defendants' Opposition to Plaintiffs' Motion for a Stay in accordance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Robert J. Siegel, WSBA #17312
i.Justice Law P.C.
1325 Fourth Avenue, Suite 940
Seattle, WA  98101
Bob@iJusticelaw.com

Douglas E McKinley
LAW OFFICE OF DOUGLAS E MCKINLEY JR
PO BOX 202
RICHLAND, WA 99352
doug@mckinleylaw.com

DATED this 10th day of September, 2007.

JACKSON & WALLACE LLP


/s/ Matthew R. Wojcik
Matthew R. Wojcik, WSBA No.27918
JACKSON & WALLACE LLP
1201 Third Avenue
Seattle, WA 98101
Telephone:  (206) 386-0214
Fax:  (206) 386-0216
Email:  mwojcik@jacksonwallace.com
Attorneys for Defendants IMG, Goldstein and Adamson

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY - 7
C:\NrPortbl\iManage\HRG1412088

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214