THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

OMNI INNOVATIONS, LLC., a Washington
Limited Liability company; EMILY ABBEY,
an individual,

          Plaintiffs,

     v.

IMPULSE MARKETING GROUP, INC., a
Nevada/Georgia corporation; JEFFREY
GOLDSTEIN, individually and as part of his
marital community; KENNETH ADAMSON,
individually and as part of his marital
community; GREGORY GREENSTEIN,
individually and as part of his marital
community; STEVE WADLEY, individually
and as part of his marital community; JOHN
DOES, I-X,

          Defendants.

NO. C06-1469-JCC

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH
COURT ORDER

Noted for Consideration: October 5, 2007

## RELIEF REQUESTED

Defendants Impulse Marketing Group, Inc. ("Impulse") and Jeffrey Goldstein ("Goldstein") (collectively referred to as "Defendants"), by and through their counsel, Klein Zelman Rothermel LLP, move this Court to dismiss Plaintiffs' Complaint pursuant to pursuant to this Court's inherent power and Federal Rule of Civil Procedure 41(b). This Motion is based upon the Declaration of Stacy K. Wolery in Support of Defendants' Motion to Dismiss and the pleadings and papers on file with this Court.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 1
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1

## STATEMENT OF FACTS

2

3

This action was commenced by Plaintiffs on or about October 10, 2006. (Wolery Decl.

4

¶ 2.) While Plaintiffs served Impulse and Goldstein on or about February 5, 2007, Plaintiffs

5

failed to serve the remaining named defendants within the 120-day deadline prescribed by Fed. R.

6

Civ. 4(m). (Wolery Decl. ¶ 3.) As a result, on or about March 1, 2007, the Court issued an Order

7

to Show Cause why the matter should not be dismissed as to the remaining defendants. (Wolery

8

Decl. ¶ 4.) On or about April 11, 2007, the Court issued an order dismissing the remaining

9

defendants from the action. (Wolery Decl. ¶ 5.)

10

On or about May 4, 2007, Defendants filed a motion to dismiss or, in the alternative, for a

11

more definite statement. (Wolery Decl. ¶ 6.) On or about May 14, 2007, Plaintiffs filed their

12

purported initial disclosures pursuant to Fed. R. Civ. P. 26. (Wolery Decl. ¶ 7.) Plaintiffs claim

13

in their initial disclosures having provided copies of allegedly offending emails to Defendants in

14

digital format on CD. (Pls.' Initial Disclosures at 2.) To date, nearly four (4) months later and

15

after numerous inquiries, Defendants have yet to receive such CD. (Wolery Decl. ¶ 7.)

16

On or about July 18, 2007, the Court granted in part Defendants' motion to dismiss,

17

finding that "[t]he complaint does not provide any clue to the Defendants about the number of

18

emails at issue or the dates on which they were allegedly sent, making it impossible for the

19

Defendants to determine if they actually sent the unidentified e-mails alleged in the complaint."

20

(Order Mot. Dismiss at 7.) The Court ordered Plaintiffs to file "an amended complaint within

21

thirty days of the date of [the] order . . . ." (Id.) To date, nearly one month after the amended

22

complaint was due, Plaintiffs have failed to file such pleading as ordered. (Wolery Decl. ¶ 8.) As

23

a result, presently there is no operative pleading before the Court in this action.

24

25

26

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 2
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

On or about August 22, 2007, several days <u>after</u> Plaintiffs' amended complaint was due, Plaintiffs' counsel, Robert J. Siegel, moved to withdraw as counsel.    (Wolery Decl. ¶ 9.) Subsequently, on or about August 27, 2007, Plaintiffs filed a motion for a stay of this action. (Wolery Decl. ¶ 10.)

In *Virtumundo*, this Court held that "it is obvious that Plaintiffs are testing their luck at making their 'spam business' extraordinarily lucrative by seeking statutory damages through a strategy of spam collection and serial litigation," and that "Plaintiffs' instant lawsuit is an excellent example of the ill-motivated, unreasonable, and frivolous type of lawsuit that justifies an award of attorneys' fees to Defendants."[1]  The Court further found that "Plaintiffs should be deterred from further litigating their numerous other CAN-SPAM lawsuits now that they are aware of their lack of CAN-SPAM standing."[2]   Plaintiffs' scheme becomes apparent when evaluating the case at bar.

## ARGUMENT

Defendants move this Court for an order dismissing Plaintiffs' Complaint pursuant to the Court's inherent power and Fed. R. Civ. P. 41 because Plaintiffs have failed to comply with the Court's previous order of July 18, 2007 granting in part Defendants' Motion to Dismiss and ordering Plaintiffs to file an amended complaint within thirty (30) days of that order.  Plaintiffs should not be able to shirk their obligation to comply with the Court's prior order by now moving for a stay.  The interests of judicial economy would be better served by dismissing with prejudice Plaintiffs' claims for failure to comply with the Court's order of July 18, 2007.

---

[1] Pages 8-10 of the August 1, 2007 Order issued in *Virtumundo*, Case No. 06-0204-JCC.

[2] *Id.* at 10.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

"Parties may not willfully, repeatedly, and persistently disobey court orders . . . . There is and there must be sufficient play in the joints of our system to allow a district judge to impose the ultimate sanction on such obstreperous parties." *Estrada v. Cohen*, 244 F.3d 1050, 1060 (9th Cir. 2001). In addition, "[f]or failure of the plaintiff . . . to comply with [the Fed. R. Civ. P.] or any order of court, a defendant may move for dismissal of an action . . . ." Fed. R. Civ. P. 41(b). Plaintiffs have exhibited a pattern of misconduct and avoidance of both the Fed. R. Civ. P. and the Court's orders. As a result, under Fed. R. Civ. P. 41(b), the action should be dismissed with prejudice.

A District Court has broad and inherent power to regulate litigation before it. *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976). "There is no question that a District Court has the power to dismiss a claim with prejudice for failure to comply with an order of the court." *Van Bronkhorst*, 529 F.2d 943, 943; *O'Brien v. Sinatra*, 315 F.2d 637, 637 (9th Cir. 1963) ("Both the state and federal courts have almost universally held or recognized that there is inherent power in the courts, in the interest of the orderly administration of justice, to dismiss for disobedience of court orders"). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

In the present action, as outlined hereinabove, Plaintiffs have failed on numerous occasions to comply with the Federal Rules, and have failed to comply with the Court's July 18, 2007 Order (the "Order"). Due to Plaintiffs' failure to file and serve an amended complaint pursuant to the Court's Order, currently, there is no operative pleading in the action. It would not serve judicial economy to stay the proceeding now when, if resumed, it could not proceed due to Plaintiffs' failure to comply with the Court's Order. Defendants have been prejudiced and forced to expend substantial sums on their legal defense as a result of Plaintiffs' repeated violations of

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 4
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA 98101
(206) 386-0214

the Federal Rules of Civil Procedure and the Court's Order.  Clearly, this pattern of behavior, coupled with the sheer number of actions instituted by Plaintiffs, typifies Plaintiffs' litigation strategy, indicating that "Plaintiffs' are motivated by the prospect of multi-million-dollar statutory damage awards in exchange for their relatively paltry spam-collection and spam litigation costs."[3]

As this Court previously stated, "[Omni and Gordon] should be deterred from further litigating their numerous other CAN-SPAM lawsuits . . . ."[4]  A District Judge need not exhaust all available sanctions short of dismissal before finally dismissing a case.  *Von Poppenheim*, 442 F.2d at 1053-1054; *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Where, as in this case, the record indicates that Plaintiffs' continued noncompliance is not the result of misunderstanding or inadvertence, but rather a result of a conscious and deliberate decision, dismissal of the action is appropriate.  *See O'Brien*, 315 F.2d 637 (9th Cir. 1963).  Plaintiffs cannot evade their duty to comply with the Court's Order by moving for a stay.  Thus, Plaintiffs' complaint should be dismissed with prejudice based on Plaintiffs' failure to comply with the Court's Order of July 18, 2007.

---

[3] Pages 9-10 of the August 1, 2007 Order issued in *Virtumundo*, Case No. 06-0204-JCC.

[4] *Id.* at 10.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 5
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1

## CONCLUSION

2

For the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice

3

pursuant to the Court's inherent power and Fed. R. Civ. P. 41(b), and Defendants should be

4

awarded their reasonable litigation costs and attorney's fees incurred in defending the action.

5

DATED this 13th day of September, 2007.

6

JACKSON & WALLACE LLP

7

/s/ Matthew R. Wojcik

8

Matthew R. Wojcik, WSBA No.27918
JACKSON & WALLACE LLP
1201 Third Avenue, Suite 3080

9

Seattle, WA  98101
Telephone:  (206) 386-0214

10

Fax:  (206) 386-0216
Email:  mwojcik@jacksonwallace.com

11

Attorneys for Defendants Impulse and Goldstein

12

KLEIN ZELMAN ROTHERMEL LLP

13

/s/ Stacy K. Worley, Esq.

14

Stacy K. Wolery, Esq
Klein Zelman Rothermel LLP
485 Madison Avenue, 15th Floor

15

New York, New York 10022
(212) 935-6020 ext. 207

16

(212) 753-8101 Fax
*Admitted Pro Hac Vice*

17

Attorneys for Defendants Impulse and Goldstein

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT ORDER - 6
C:\NrPortbl\iManage\MRW1412469

JACKSON & WALLACE LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3080
Seattle, WA  98101
(206) 386-0214

1

2

## CERTIFICATE OF SERVICE

3      I hereby certify that on the date noted below I electronically filed the document entitled

4  Defendants' Motion to Dismiss for Failure to Comply with Court Order in accordance with the

5  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

6  following persons:

7  Robert J. Siegel, WSBA #17312          Douglas E McKinley
   i.Justice Law P.C.                      LAW OFFICE OF DOUGLAS E MCKINLEY JR
8  1325 Fourth Avenue, Suite 940           PO BOX 202
   Seattle, WA  98101                      RICHLAND, WA 99352
   Bob@iJusticelaw.com                     doug@mckinleylaw.com
9
       DATED this 13th day of September, 2007.
10
                                           JACKSON & WALLACE LLP
11

12                                         /s/ Matthew R. Wojcik
                                           Matthew R. Wojcik, WSBA No.27918
13                                         JACKSON & WALLACE LLP
                                           1201 Third Avenue
14                                         Seattle, WA 98101
                                           Telephone:  (206) 386-0214
15                                         Fax:  (206) 386-0216
                                           Email:  mwojcik@jacksonwallace.com
16                                         Attorneys for Defendants Impulse and Goldstein

17

18

19

20

21

22

23

24

25

26  DEFENDANTS' MOTION TO DISMISS FOR          **JACKSON & WALLACE LLP**
    FAILURE TO COMPLY WITH COURT ORDER - 7        Washington Mutual Tower
    C:\NrPortbl\iManage\MRW1412469                1201 Third Avenue, Suite 3080
                                                   Seattle, WA  98101
                                                   (206) 386-0214