UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington Limited Liability company, <br><br> Plaintiff, <br> v. <br><br> IMPULSE MARKETING GROUP, INC, a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES, I-X, <br><br> Defendants, | NO. 06-01284 <br><br> SECOND AMENDED COMPLAINT |

PARTIES, JURISDICTION, VENUE

1. Plaintiff OMNI INNOVATIONS, LLC, (hereinafter "OMNI") is a Washington limited liability company duly licensed and registered with the State of Washington, with its principal place of business in Franklin County, Washington.

SECOND AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -1

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

2. On information and belief, plaintiff alleges that Defendant **IMPULSE MARKETING GROUP, INC., ("IMPULSE") is a corporation registered in Nevada,** with its principal place of business located in Georgia.

3. On information and belief, JEFFREY GOLDSTEIN, ("Goldstein") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Goldstein on behalf of Impulse are and were for the benefit of his marital community. GOLDSTEIN resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Western District of Washington.

4. Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1332 (diversity).

5. This Court has supplemental jurisdiction of state law claims pursuant to U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. §1391.

7. From and after May 2005, Plaintiff OMNI provided and enabled computer access for multiple users to a computer server that provides access to the Internet.

8. The domain names served by Plaintiff OMNI include: anthonycentral.com, chiefmusician.net, ehahome.com, itdidnotendright.com, jammtomm.com, jaycelia.com, celiajay.com, jaykaysplace.com, rcw19190020.com, and gordonworks.com (collectively the "Domains" and individually and generically a "Domain").

9. At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain (the "Recipient Addresses") belong to Washington residents, was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each Domain being registered with a Washington address.

10. During the time period of approximately August 2003 through May 2006, Plaintiff received at the Domains electronic-mail messages (collectively the "E-mails" or individually and generically as an "Email").

11. The E-mails, and each of them, were received by Plaintiff OMNI's servers serving the Domains, or at the Domains themselves, and/or on individual Plaintiffs' email accounts, and on their computers.

12. The E-mails that form the basis of this complaint are attached herewith as Exhibit A in their original, electronic form as they were received by the Plaintiff. The date each E-mail was sent, and the E-mail address to which each E-mail was sent, are shown and contained in the header information contained in the individual E-mails.

13. Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured; failure to accurately identify the sender of the emails in the "From" line of the email header.

14. On information and belief, Plaintiffs allege that some of the E-mails used the Internet domain name of a third party or third parties without permission of that third party or those third parties, and/or used false, or misleading information in registering the domains used to send the subject E-mails.

15. Defendants received actual notice to stop and cease and desist sending commercial email in at least the following ways: direct written notice from their customer Commonwealth Marketing Group, Inc.; unsubscribes by Plaintiff; autoresponder replies from Plaintiff; by multiple emails directed to Defendants; subsequent to these notices to Defendants, Defendants continued to send commercial email to Plaintiff.

16. Defendant initiated the transmission of the E-mails, and each of them. In the alternative, Defendant conspired or otherwise acted in collusion with another or others or assisted another or others to transmit the E-mails, and each of them.

SECOND AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -3

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

17. At all times material hereto, Defendants knew or had reason to know that the Recipient Addresses, and each of them, were and are held by a Washington resident.

18. Plaintiff has suffered the following adverse impacts and/or damages as a result of receiving the E-mails:

   a. In February 2005, Plaintiff purchased a second business computer to help with the increased load of spam. In May 2005, Plaintiff's monthly service fee increased from approximately $40/month to about $65/month, in November 2006, this fee increased to about $180/month, in Feb 2007 it increased to $220/month.
   b. In November 2006 problems associated wth spam forced Plaintiff hire the Assisted Server Support team at Godaddy at a monthly retainer of $99.
   c. Plaintiff has been forced to purchase numerous forensic tools, anti-virus tools, anti-spyware tools, and spam filtering tools over the last four years and has spent approximately $2000 on these tools and services.
   d. Plaintiff has displaced over 25 Gigabytes of hard disk storage space on two computers.
   e. Plaintiff lost the use of a laptop computer when its hard drive was overrun with spam.
   f. Plaintiff has received 20-100 viruses/malware emails each week
   g. Plaintiff has been forced to change Internet Service Providers and/or hosting services four times as none were able to help me to effectively curb the spam.
   h. Plaintiff has been forced to delete millions of spam since 1998.
   i. Plaintiff has been forced to send approximately 14,000 separate and distinct complaints to service providers, spammers' network service providers, Richland and Kennewick Police Depts., Federal Trade Commission, Securities and Exchange Commission, Washington State Attorney General's Office, and four state and federal legislators.
   j. Plaintiff has mailed dozens of certified letters to spammers, asking them to stop.
   k. Plaintiff has used the automated un-subscription program, "SpamFire" with "SpamCrime Reporter" to unsubscribe from tens of thousands of spammers.
   l. Plaintiff's server has been burdened with spam which features images in the place of text as text is easier to filter. Image spam is necessarily 10-50 times larger that text messages, which are the norm of email communications.
   m. Plaintiff has spent between 90 and 120 minutes per day, 365 days per year, downloading spam and filtering spam.
   n. Plaintiff has endured six server crashes that included the purchases of new hard drives or computers since January 2005 resulting from malware infections of Plaintiff's computers from spam. These infections have caused the loss of business data including tax and banking files.
   o. Defendant has admitted to selling my personal profile for profit to other spammers. Apparently, the buying and selling of personal profiles is a prime means of remuneration for online marketers. Each email address one owns must

    be de-listed from the hundreds or thousands of "host names" owned and controlled by each spammer. And once this is accomplished, spammers and their affiliates create new host names to spam from – making successful de-listing virtually impossible. Global de-listing is not available from the majority of spammers and from spammer domains not yet created.

  p. I have postponed adding 110 new interested customers to my server, because spamming is out-of-control. The fee paid to me would cover the base cost of Omni's server, but the added work due to spam makes this endeavor too costly.

  q. I have had to increase my bandwidth capacity from less than 10GB/month to 500GB/month in the past 2 years.

  r. Defendant has sued my wife and three adult children, two friends, and a Richland, WA police officer who had investigated its abusive email practices. The third party complaint was later dropped against the officer, but the specious third party complaints persist in the Eastern Washington District Court.

  s. Defendant continues to spam me 34 months after the first lawsuit was filed against it in November 2004 and four full years after it was first requested to stop by one of its principal clients, Commonwealth Marketing Group.

19. Despite, or perhaps because of, all of Plaintiff's efforts to have Defendant's stop sending Plaintiff's spam, the Defendant's have continued to send spam to the Plaintiff to this day.

### FIRST CAUSE OF ACTION – CAN-SPAM ACT
### 15 U.S.C. §7701 et seq.

20. On the basis of the facts set forth hereinabove, Defendants persisted in a pattern or practice of initiating the transmission of the E-mails, and each of them, to a protected computer in violation of 15 U.S.C. §7704(a), causing damage to Plaintiff Omni as the provider of the Internet access service receiving each such E-mail in the amount of $100 for each such E-mail, as provided in 15 U.S.C. §7706 (g) (3).

21. Defendants did willfully and knowingly so act in violation of the provisions of 15 U.S.C. §7701 et seq.

SECOND CAUSE OF ACTION – CEMA

RCW 19.190.010 - .070

22. On the basis of the facts set forth hereinabove, Defendants initiated, conspired with another to initiate, or assisted the transmission of the E-mails, and each of them, in violation of RCW 19.190.020, causing damage to Plaintiff Omni as the interactive computer service receiving each such E-mail in the amount of $1,000 for each such E-mail, as provided in RCW 19.190.040 (2)

THIRD CAUSE OF ACTION – CONSUMER PROTECTION ACT

Ch. 19.86 RCW

23. On the basis of the facts set forth hereinabove, Defendants initiated the E-mails, and each of them, in violation of RCW 19.190.030 and Chapter 19.86 RCW, causing damage to Plaintiffs as the recipients of each such E-mail in an amount to be proven at trial including, but not limited to, treble damages. Defendants' acts as described hereinabove constituted unfair and deceptive acts or practices in the conduct of trade or commerce, which acts or practices caused injury to Plaintiffs, and as such constitute independent violations of RCW 19.86 et seq.

REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1. Entry of a Judgment in favor of Plaintiff Omni against the Defendants in the amount of $1,100 per unlawful E-mail, plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by Chapter 19.86 RCW and to the extent permitted by 15 U.S.C. §7706 (g) (3) (C), plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to Chapter 19.86 RCW and 15 U.S.C. §7706 (g) (4);

SECOND AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -6

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

1  2. Entry of a permanent injunction against the Defendants prohibiting the Defendants from sending or causing to be sent electronic mail messages of any kind or nature to e-mail addresses at Plaintiffs' Domains and/or email addresses.

3. Such other and further relief as the Court deems just and equitable in the premises.

RESPECTFULLY SUBMITTED this 24th day of September, 2007.

| I.Justice Law, P.C. | DOUGLAS E. MCKINLEY, JR |
| --- | --- |
| | Attorney at Law |
| /S/ Robert J. Siegel | /S/ Douglas E. McKinley, Jr. |
| Robert J. Siegel, WSBA #17312 | Douglas E. McKinley, Jr., WSBA #20806 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

**VERIFICATION**

STATE OF WASHINGTON    )
                       ):ss.
COUNTY OF BENTON       )

SECOND AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -7

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

1  James S. Gordon, Jr., being first duly sworn, states that he has read the foregoing
2  SECOND AMENDED COMPLAINT and that the statements contained therein are true to the
3  best of his knowledge and belief.
4  Dated this 25 day of September, 2007.

    _____
    James S. Gordon, Jr.

7  SUBSCRIBED AND SWORN to before me this 25 day of September, 2007

    _____
    NOTARY PUBLIC
    Residing in the State of Washington

12  My Commission Expires:
    01-23-2011



SECOND AMENDED COMPLAINT FOR DAMAGES,            i.Justice Law, PC
PENALTIES, ETC. -8                                PO Box 25817
                                                  Seattle, WA 98165-1317
                                                  Phone/Fax: 888-839-3299