UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMNI INNOVATIONS, LLC, a Washington limited liability company,

Plaintiff,

v.

IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; GREGORY GREENSTEIN, individually and as part of his marital community; STEVE WADLEY, individually and as part of his marital community; JOHN DOES, I-X,

Defendants.

CASE NO. C06-1469-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss for failure to comply with court order (Dkt. No. 33), Plaintiff's response (Dkt. No. 36), and Defendants' Reply (Dkt. No. 38). Having considered the briefing by the parties and finding oral argument unnecessary, the Court finds and rules as follows.

ORDER – 1

## I. BACKGROUND

This is one of several cases filed by Plaintiff in this District under the CAN-SPAM Act of 2003. It was originally assigned to Judge Pechman, who presided over motions practice until reassigning the matter to these chambers on August 2, 2007. (Pechman Minute Order (Dkt. No. 22).) On July 18, 2007, prior to reassigning the case, Judge Pechman issued an order granting and denying in part Defendants' motion to dismiss. (Pechman Order (Dkt. No. 21). As part of this disposition, Judge Pechman ordered Plaintiff to file an amended complaint within thirty days of the order, with specific instructions, pursuant to Rule 12(e) of the Federal Rules. *Id.* at 7. On August 22, 2007, Plaintiff's counsel filed a motion to withdraw as attorney. (Dkt. No. 23.) Soon thereafter, on August 27, 2007, Plaintiff filed a motion to stay the case, (Dkt. No. 27), pending appeal of a related case, *Gordon v. Virtumundo, et al.*, 2007 U.S. Dist. LEXIS 35544. At this point, Plaintiff had yet to comply with Judge Pechman's order to file an amended complaint, despite the deadline having passed. Defendants filed a response objecting to the motion to stay on September 10, 2007, based largely on Plaintiff's ongoing failure to file an amended complaint as ordered. (Dkt. No. 29.) On September 13, 2007, Defendants followed with a separate motion to dismiss for failure to comply with a court order (Dkt. No. 33), which is the subject of this motion. Finally, on September 25, 2007, Plaintiff filed a second amended complaint (Dkt. No. 35), followed soon thereafter with a response to Defendants' motion asserting that the matter had now become moot.

## II. DISCUSSION

### A. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure states that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Absent indication to the contrary, this "operates as an adjudication upon the merits," except for dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. FED. R. CIV. P. 41(b). Pursuant to this rule, "[t]here is no question that a

ORDER – 2

District Court has the power to dismiss a claim with prejudice for failure to comply with an order of the court." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976). "Both the state and federal courts have almost universally held or recognized that there is inherent power in the courts, in the interest of the orderly administration of justice, to dismiss for disobedience of court orders." *O'Brien v. Sinatra*, 315 F.2d 637, 641 (9th Cir. 1963).

### B.  Failure to Comply With Court Order

While recognizing that dismissal for failure to comply with a court order under Rule 41(b) is a "severe and drastic measure," *O'Brien*, 315 F.2d at 641, the Court finds such action appropriate here based on several considerations. First, excusing Plaintiff's failure to file an amended complaint on time would not be the Court's first act of forbearance in this case. Despite Plaintiff's obligations as steward of this lawsuit, Judge Pechman found that Plaintiff did "not provide any clue to the Defendants about the number of emails at issue, or the dates on which they were allegedly sent, making it impossible for the Defendants to determine if they actually sent the unidentified emails alleged in the complaint." (Pechman Order 7 (Dkt. No. 21).) Judge Pechman effectively gave Plaintiff a "do-over," which dispels any notion that the failure to comply was the product of inadvertence or mistake.

Second, Plaintiff's ability to make other filings with the Court in the intervening period suggests that timely compliance with the Court order was feasible. Plaintiff's counsel cites acrimonious relations with Plaintiff to explain the delay. (Pl.'s Resp. 2 (Dkt. No. 36).) Being apprised of the withdrawal issues in this case, which have been submitted under seal, the Court does not find this to be a compelling excuse for the failure to comply. Furthermore, the thirty day deadline had already passed by the time the motion to withdraw was filed. Accordingly, there is no good reason why an operative pleading instrument could not have been filed in a timely manner. The failure to set forth a proper complaint is all the more inexplicable considering that this is but one of many largely identical cases filed by Plaintiff in this District.

Finally, Plaintiff's assertion that the motion is now moot and that Defendants suffered no

ORDER – 3

prejudice is not persuasive. While the Second Amended Complaint has been filed,[1] the delay in contravention of Court order is the issue. As a general matter, being a civil defendant is not a negligible burden in itself. This is especially true when there is no operative pleading instrument upon which to prepare a defense. Plaintiff's notion that "[t]he procedural and substantive posture of the case would be identical to the current status quo had the Plaintiff filed the SAC ("Second Amended Complaint") in a timely manner," is unfounded speculation. Certainly it is not for the Plaintiff to determine what options Defendants could have chosen to pursue had a proper complaint been filed. In this respect, the reasoning of the *O'Brien* court is particularly instructive:

> Also to be considered are the rights of the defendants. Certainly they have been prejudiced and put to considerable expense. It becomes the obligation of the Court to determine at what point plaintiff would be foreclosed from further harassing defendants with confused and confounding complaints. We do not attempt to identify the exact point in the proceedings below where the Court would have become justified as a matter of law, in exercising his discretion to dismiss. Such is not the question before us. Suffice it to say that the point had been reached.

*O'Brien*, 315 F.2d at 641.

In sum, the circumstances of this case, especially in light of Plaintiff's extensive experience pursuing these claims in this Court, militate for dismissal under Rule 41(b).

### III.    CONCLUSION

Accordingly, Defendants' motion to dismiss (Dkt. No. 33) is GRANTED. Plaintiff's motion for a stay (Dkt. No. 27) is moot and therefore to be STRICKEN. This case is dismissed with prejudice; Defendants are awarded attorney's fees and costs associated with defending this action and are therefore ordered to submit a motion and proposed order with an accounting of expenses within 60 days of this order.

---

[1] Defendants assert that in addition to being late, this document substantively fails to comply with Judge Pechman's instructions. (Defs.' Reply 4 (Dkt. No. 38).)

ORDER – 4

SO ORDERED this 19th day of October, 2007.

_____
John C. Coughenour
United States District Judge

ORDER – 5